**SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., an Illinois corporation a.k.a. Sedgwick CMS, Plaintiff–counter–defendant–Appellee,**

v.

**BARRETT BUSINESS SERVICES, INC., an Oregon corporation, Defendant–counter–claimant–Appellant.**

No. 07–35945.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2009.

Filed March 17, 2009.

Heidi L. Mandt, Michael T. Garone, Schwabe, Williamson & Wyatt, Portland, OR, for Plaintiff–counter–defendant–Appellee.

Jennifer J. Roof, Esquire, John F. Neupert, Esquire, Miller Nash, LLP, Portland, OR, for Defendant–counter–claimant–Appellant.

Before: GRABER, FISHER and M. SMITH, Circuit Judges.

MEMORANDUM *

Barrett Business Services, Inc. ("Barrett") appeals the district court's grant of summary judgment in favor of Sedgwick Claims Management Services, Inc. ("Sedg-

wick") in this diversity action arising from a contract dispute. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court correctly ruled that the contract unambiguously required Barrett to defend and indemnify Sedgwick for Sedgwick's conduct administering workers' compensation claims "on behalf of" Barrett. The district court's construction of the contract is consistent with the plain meaning of "on behalf of," Barrett has identified no authority supporting its proffered alternate construction of that phrase to mean "at the specific direction of," and the indemnification provision conveys the parties' intent that Barrett defend Sedgwick "unless or until a finding is entered to the effect that [Sedgwick] failed to exercise ... reasonable care." No such finding had been entered when Sedgwick tendered its defense, so Barrett was obligated to defend Sedgwick under the contract's plain terms.

**AFFIRMED.**